**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 2 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCIO PAULE, | No. 14-72597 |
| Petitioner, | Agency No. A201-236-591 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

The 90-day stay of proceedings granted on May 15, 2016, has expired.

Florencio Paule's request to lift the stay is denied as moot.

Paule, a native and citizen of the Philippines, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judge's decision denying his application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Paule's past experiences in the Philippines do not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003); *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual "suffering or harm."). Substantial evidence also supports the agency's determination that Paule failed to establish that it is more likely than not that he would be persecuted if returned to the Philippines. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim of future persecution weakened when similarly-situated family members continue to live in the country without incident), *superseded by statute on other grounds*. We do not consider Paule's contention related to humanitarian asylum because he failed to raise this issue to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny the petition for

2

review as to Paule's withholding of removal claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.